FILED
2009 Mar-17 AM 10:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| JAMES W. WILEY, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Civil Action No.: _____ |
| | )    JURY TRIAL DEMANDED |
| BENEFICIAL CORPORATION, a foreign | ) |
| corporation, EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC., a foreign corporation, and | ) |
| TRANS UNION, LLC, a foreign limited liability, | ) |
| | ) |
| *Defendants.* | ) |

## COMPLAINT

**COMES NOW** Plaintiff, by and through the undersigned attorney, and would show unto this Honorable Court as follows:

### PRELIMINARY STATEMENT

1.  This petition is an action for statutory and actual damages, including injunctive and declaratory relief, brought by an individual consumer (hereinafter referred to as "Plaintiff") against Defendants, jointly and severally, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "FCRA").

2.  In addition, this petition seeks actual, compensatory, statutory, and/or punitive damages under Alabama state law and the Alabama Deceptive Trade Practices Act, Ala. Code 1975 § 8-19-1, *et seq.* (hereinafter referred to as "ADTPA"), pursuant to this Court's pendent and supplemental jurisdiction.

### JURISDICTION AND VENUE

3.  Jurisdiction of this Court arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15

U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant

to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and

2202. Defendants' violations of Plaintiff's rights, as alleged herein, occurred in St. Clair

County, Alabama, and were committed within the Middle Division of the Northern

District of Alabama.

## PARTIES

4.      Plaintiff JAMES W. WILEY (hereinafter referred to as "Plaintiff") is a natural person

and a resident and citizen of St. Clair County, the State of Alabama, and of the United

States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala.

Code 1975 § 8-19-3(2).

5.      Defendant BENEFICIAL CORPORATION, f/k/a Household Finance Corporation,

(hereinafter referred to as "BENEFICIAL" or "Defendant") is a foreign corporation

engaged in the business of furnishing consumers with credit in the State of Alabama.

6.      Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter referred to as

"EXPERIAN" or "Defendant") is a foreign corporation licensed to do business within the

State of Alabama. EXPERIAN is a consumer reporting agency, as defined in section

1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and

dispersing information concerning consumers for the purpose of furnishing consumers

reports, as defined in section 1681a(d) of the FCRA, to third parties.

7.      Defendant TRANS UNION, LLC (hereinafter referred to as "TRANS UNION" or

"Defendant") is a foreign limited liability company licensed to do business within the

State of Alabama. TRANS UNION is a consumer reporting agency, as defined in section

1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and

dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS – DEFENDANT BENEFICIAL

8.  Plaintiff restates and reiterates herein all previous paragraphs.

9.  Plaintiff filed bankruptcy and was discharged on May 25, 2006 with Defendant receiving a copy of the discharge order.1  The case number is 06-40139 and it was filed in the Northern District of the Alabama Bankruptcy Court.

10. Along with receiving notice via the aforementioned court order, Plaintiff mailed dispute letters to Defendant in 2006/2007.  Defendant replied stating that it would leave the information on Plaintiff's credit reports for seven (7) to ten (10) years.

11. Despite the aforementioned court order and dispute letters, Defendant continues to report Plaintiff's account to one or more of the three national consumer reporting agencies (hereinafter referred to as "CRAs") as having current balances due and payable rather than reflecting that such was discharged in bankruptcy.  More specifically, Defendant shows a balance of $10,258.00 on EXPERIAN and TRANS UNION.  Furthermore, Defendant reports that it verified this discharged account on February 1, 2009, and the account was "charged off as bad debt."

12. Defendant has intentionally and maliciously refused to either accurately report the account as having been discharged in bankruptcy or notify the CRAs that such account has a zero balance as a result of being discharged in bankruptcy.

13. Plaintiff's credit reports, credit worthiness, and credit scores have been negatively

---

1   Id. The bankruptcy notice was provided to Household Finance Corporation.

impacted by the inaccurate reporting of Defendant.

14. Defendant knew and knows that a discharge order means Plaintiff no longer owes the debt and has no personal liability therefore. However, Defendant has made a corporate decision to willfully and maliciously act contrary to its knowledge in a calculated decision to violate the requirements to properly update Plaintiff's accounts.

15. Defendant has a policy and procedure to refuse to properly update credit reports of consumers, such as Plaintiff, who have discharged their debts. The reason is to keep false information on their credit reports. The false information consists of a balance shown as owed absent any reference to the debt being discharged in Bankruptcy.

16. Defendant updates numerous accounts each month with allegedly the correct information regarding the balances but has willfully and maliciously refused to do so with Plaintiff and other consumers who are similarly situated.

17. Defendant has willfully and maliciously failed to report Plaintiff's accounts as having a "0" balance as required by 16 CFR § 607(6) which states, "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

18. Defendant has promised, through its subscriber agreements or contracts with the CRAs, to update accounts that have been discharged in bankruptcy but it has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, ADTPA, federal law and state law which has resulted in this information remaining on Plaintiff's credit reports.

19. Defendant has a policy to "park" its accounts on at least one of the Plaintiff's credit

reports. This industry-specific term refers to keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendant's intentional and malicious conduct.

20.     In the context of "parking" an account, Defendant has an obligation and duty under federal and state law to accurately report the balance and it has willfully and maliciously refused to do so.

21.     Defendant has reported to EXPERIAN and TRANS UNION that it verified the accuracy and completeness of Plaintiff's discharged account on or about February 1, 2009, but continues to report it as being collectable with a balance of $10,258.

22.     Defendant has agreed to and understands it must follow the requirements of the FCRA including:

        a)     15 U.S.C. § 1681(a)(1)(A) which states, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

        b)     15 U.S.C. § 1681(a)(1)(B) which states, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -

               (i)     the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

               (ii)    the information is, in fact, inaccurate."

        c)     15 U.S.C. § 1681(a)(2) which states, "[a] person who -

(A)     regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B)     has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate."

23.     Defendant knows that parking a balance will lead to the publication of false and defamatory information every time Plaintiff's credit reports are accessed.  However, Defendant intentionally and maliciously intends to force Plaintiff, and others similarly situated, to pay on an account that has been discharged.

24.     Plaintiff's credit reports have been accessed since the discharge and therefore the false information of Defendant has been published to third parties.

25.     Despite receiving at least one dispute regarding its false reporting, Defendant has intentionally and knowingly maintained its policy of keeping false and damaging information on at least one of Plaintiff's credit reports.

26.     Defendant has a practice of maliciously, willfully, recklessly, wantonly, and/or negligently violating, ignoring, and refusing to follow the requirements of the FCRA, FDCPA, ADTPA, federal law and state law.

27.     All actions taken by employees, agents, servants, or representatives of any type for

Defendant were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

28.   Defendant's actions were malicious, wanton, reckless, intentional or willful, and performed with either the desire to harm Plaintiff, and/or with the knowledge that its actions would very likely harm Plaintiff, and/or that its actions were taken in violation of the law.

29.   Defendant has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports which subjects it to punitive and statutory damages, and all other appropriate measures to punish and deter similar future conduct.

30.   The actions, omissions, misrepresentations, and violations of the FCRA, FDCPA, federal law, and state law of Defendant, regarding Plaintiff's alleged debts, as described herein, constitute harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer.

## FACTUAL ALLEGATIONS – DEFENDANTS EXPERIAN AND TRANS UNION

31.   Defendants have failed and/or refused to verify the accuracy of the information they have published and continue to publish in Plaintiff's credit reports.

32.   Defendants have failed to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they publish in consumer credit reports in violation of 15 U.S.C. § 1681(e)(b).

33.   Defendants' intentional, reckless, and willful violations of the FCRA, federal law and

state law have resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer.

**COUNT ONE**
**ALL DEFENDANTS**
**VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT**
**ALA. CODE 1975 § 8-19-3, *et seq.***

34.    Plaintiff restates and reiterates herein all previous paragraphs.

35.    The conduct described herein has caused actual confusion or misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

36.    Said conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3, *et seq.*, and in the course of business that is prohibited, unfair, and deceptive.

37.    The foregoing acts and omissions of Defendants were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collection business, and Plaintiff relied upon such representations as being lawful, yet such conduct is prohibited.

38.    The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

39.    Defendants' unfair and deceptive acts have proximately caused emotional and actual damages and Defendants are liable to Plaintiff for such injury.

**COUNT TWO**
**ALL DEFENDANTS**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681, *et seq.***

40.     Plaintiff restates and reiterates herein all previous paragraphs.

41.     In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

      a)     By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports as required by 15 U.S.C. § 1681(e)(b);

      b)     By willfully and/or negligently failing to comport with reinvestigation procedures listed within 15 U.S.C. § 1681i;

      c)     By willfully and/or negligently failing to fulfill their duties as listed within section 15 U.S.C. § 1681s-2, *i.e.* reporting information with actual knowledge of errors, reporting information after notice and confirmation of errors, failing to update and/or correct previously reported information determined to be inaccurate or incomplete, failing to provide notice of dispute, and failing to provide notice of closed account;

      c)     Defaming Plaintiff by publishing to third parties false information regarding Plaintiff's creditworthiness;

      d)     Invading the privacy of Plaintiff; and

e)   Failing in their duty to prevent foreseeable injury to Plaintiff.

42.   The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting and/or credit furnishing business and in gross reckless disregard of the rights of Plaintiff.

43.   The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FCRA, 15 U.S.C. § 1681, *et seq.*

44.   As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for a declaratory judgment that Defendants' conduct violated the FCRA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees under the FCRA.

## COUNT THREE – NEGLIGENT, RECKLESS AND WANTON CONDUCT
## DEFENDANT BENEFICIAL

45.   Plaintiff restates and reiterates herein all previous paragraphs.

46.   Defendant's acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiff.

47.   As a proximate consequence of Defendant's negligence, Plaintiff has been caused to suffer severe emotional and mental distress.

48.   As a result of the Defendant's unlawful acts, Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, and costs and attorney's fees.

## COUNT FOUR - HARASSMENT
## DEFENDANT BENEFICIAL

49.   Plaintiff restates and reiterates herein all previous paragraphs.

50.   Defendant's acts, as described herein, were done so intentionally, maliciously, and willfully, and without care or concern for Plaintiff's well being.  Defendant's harassing

collection tactics created a hostile environment for Plaintiff.

51.    Defendant wrongfully exploited Plaintiff in an attempt to coerce Plaintiff into paying the alleged debts.

52.    Defendant's communications to Plaintiff were offensive and harassing.

53.    As a proximate consequence of Defendant's harassment, Plaintiff has been embarrassed, offended, humiliated, emotionally distressed, and forced to hire the services of an attorney.

## COUNT FIVE – INVASION OF PRIVACY
## ALL DEFENDANTS

54.    Plaintiff restates and reiterates herein all previous paragraphs.

55.    Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

56.    Defendants' actions were done maliciously, without privilege, and with a willful intent to injury Plaintiff.

57.    As a direct and proximate consequence of Defendants' acts of invading Plaintiff's privacy, Plaintiff has been injured in that Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## COUNT SIX - DEFAMATION
## ALL DEFENDANTS

58.    Plaintiff restates and reiterates herein all previous paragraphs.

59.    Defendants published false information about Plaintiff by reporting to one or more of the CRAs either a false account or balance.

60.   Each time Plaintiff's credit reports were accessed, a new publication occurred, which was the result intended by Defendants.

61.   The publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

62.   As a direct and proximate consequence of Defendants' acts of defamation, Plaintiff has been injured in that Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## COUNT SEVEN - MISREPRESENTATION
## DEFENDANT BENEFICIAL

63.   Plaintiff restates and reiterates herein all previous paragraphs.

64.   Defendant intentionally, maliciously, recklessly and/or negligently misrepresented material facts in that it has falsely represented that Plaintiff owes money to that Defendant.

65.   Defendant intends that those who review the credit reports of Plaintiff will rely upon the misrepresentations and suppressions of material facts related to the balance owed and the lack of indication that the account was discharged in bankruptcy.

66.   Defendant intended that the justifiable and reasonable reliance by others would adversely affect Plaintiff.

67.   As a direct and proximate consequence of Defendant's acts of misrepresentation, Plaintiff has been injured in that Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## DECLARATORY AND INJUNCTIVE RELIEF

68.    Plaintiff restates and reiterates herein all previous paragraphs.

69.    A dispute exists as to whether Defendants have violated the FDCPA, FCRA, Alabama

Deceptive Trade Practices Act, federal law and state law.

70.    Plaintiff is entitled to injunctive relief, a declaratory judgment, and a determination that

Defendants violated the FDCPA, FCRA, Alabama Deceptive Trade Practices Act, federal

law, and state law, and Plaintiff is similarly entitled to an order enjoining said acts.

71.    As a result of Defendants' actions, omissions and violations, Plaintiff is entitled to actual,

compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all

costs for time lost at work and litigating this matter.

72.    Defendants' actions, omissions, and violations as alleged herein constitute the negligent

and intentional infliction of mental and emotional distress upon Plaintiff, proximately

causing Plaintiff to suffer great mental distress, mental and physical pain,

embarrassment, humiliation, and will in the future to continue to suffer the same.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against each and

every Defendant, jointly and severally, by this Court for the following:

a)    Enter injunctive and corresponding declaratory relief establishing the foregoing

conduct of Defendants to be unlawful, enjoining Defendants from continuing to

engage in such conduct, and granting such additional equitable relief as may be

appropriate;

b)    Award Plaintiff actual damages;

c)    Award Plaintiff punitive damages;

d)      Award Plaintiff state and federal statutory damages;

e)      Award Plaintiff compensatory damages for mental and emotional distress,

humiliation and embarrassment;

f)      Award Plaintiff reasonable attorney's fees and costs of this litigation; and

g)      Grant such other and further relief as this Honorable Court deems just and proper.

RESPECTFULLY SUBMITTED this 11 day of March, 2009.

Karen Materna (MAT042)
Attorney for Plaintiff


Anderson Nelms and Associates, LLC
2005 Cobbs Ford Road, Suite 301A
Prattville, AL 36066
334-351-1770
kmaterna@andersonnelms.com



**THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

BENEFICIAL CORPORATION
2700 Sanders Road
Prospect Heights, IL 60070-2701

EXPERIAN INFORMATION SOLUTIONS, INC.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

TRANS UNION, LLC
c/o Prentice-Hall Corporation System, Inc.
150 S. Perry Street
Montgomery, Alabama 36104